**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

JEFFREY T. COVELLO.                  :

                                    :

            Petitioner,           :        CASE NO.:

                                      :

V.                                        :

                                      :

JAMES C. ROVELLA, COMMISSIONER,   :
DEPARTMENT OF EMERGENCY SERVICES : 
AND PUBLIC PROTECTION,              :

                                      :

           Respondent.           :        AUGUST 27, 2020

## PETITION FOR DECLARATORY JUDGMENT

1.  This is a petition,  brought pursuant to 28 U.S.C. § 2201, by retired Connecticut State Police (CSP) Sgt. Jeffrey T. Covello ("Sgt. Covello").

2.  Sgt. Covello filed[1] a Petition for Declaratory Ruling on the Commissioner of the Department of Emergency Services and Public Protection ("Commissioner") on November 25, 2019 pursuant to Connecticut General Statutes, § 4-176. (Ex. 1, Return)

---

[1] General Statutes § 4-176 mandates that each agency: "[A]dopt regulations, in accordance with the provisions of this chapter, that provide for (1) the form and content of petitions for declaratory rulings, (2) the filing procedure for such petitions and (3) the procedural rights of persons with respect to the petitions." The Department of Emergency Services and Public Protection (DESPP) has refused to adopt regulations for filing petitions for declaratory rulings as mandated by the requirements of § 4-176. In *Patten* v. *Spada*, Superior Court, judicial district of Litchfield, Docket No. CV-0300090209-S (September 22, 2003) (35 Conn. L. Rptr. 518), the trial court rejected Patten's argument that the failure of the DESPP to issue regulations providing for rules of practice in requesting declaratory rulings foreclosed Patten from seeking a declaratory ruling. An affidavit from an attorney in the DESPP Legal Affairs unit persuaded the court that "any interested party may file such a petition and that the defendant [DESPP] will consider it." *Id.* Patten's case was dismissed for failure to exhaust administrative remedies. More than sixteen years later, the DESPP still has not adopted regulations for filing requests for declaratory rulings. By not adopting regulations as the Uniform Administrative Procedures Act mandates, the DESPP has denied individuals a meaningful opportunity to submit requests for declaratory rulings in at least three respects: First, an individual cannot know the form and content required by DESPP for consideration of a request for declaratory ruling. General Statutes § 4-176(b)(1). Second, an individual cannot know the filing procedure required by DESPP for consideration of a request for declaratory ruling. General Statutes § 4-176(b)(2). Third, an individual cannot know his or her procedural rights in the DESPP consideration of a request for declaratory ruling. General Statutes § 4-176(b)(3). Nevertheless, the court's opinion in *Patten* and the more recent decision in *Peruta* v. *Commissioner of Public Safety*, 128 Conn. App. 777, 20 A.3d 691 (2011) confirm that the courts do not require the DESPP to follow the law as set forth in § 4-176.

3. The Commissioner decided not to issue a declaratory ruling having not responded within one hundred eighty days after the filing of the petition. Conn. Gen. Stat. § 4-175(a)(3).

4. Sgt. Covello petitions the Court to declare by judgment:

> The Law Enforcement Officers Safety Act (LEOSA), 18 U.S.C. § 926C, does not require, as a condition for issuance of a LEOSA identification card, that Sgt. Covello submit a letter of good standing from his post-CSP retirement employment with the New Milford Police Department (NMPD); and
> CSP denied Sgt. Covello his right to carry a concealed firearm under LEOSA when CSP Sgt. Alessandro Giannone ("Sgt. Giannone") denied Sgt. Covello the opportunity to meet the LEOSA-mandated standards for qualification in firearms training ("firearms qualification") at the CSP Firearms Range on April 11, 2019.

5. An actual controversy exists.

6. The judgment will serve a useful purpose in clarifying or settling the legal issues involved.

7. A judgment would finalize the controversy and offer relief from uncertainty.

8. The use of a declaratory judgment in this case would not infringe on the State of Connecticut but would clarify whether the State of Connecticut is applying a federal statute consistent with its plain meaning, congressional intent, and caselaw.

9. Petitioner has attempted the remedy of petitioning the Commissioner for a declaratory ruling which was ignored by the Commissioner.

10. Administrative remedies available by state statute  have been exhausted.

I.      FACTS

11.      Sgt. Covello retired from the CSP on May 1, 2016, in good standing, with approval of the Commissioner to retain his badge "once it has been marked "RETIRED." *See* Ex. 2, Letter dated April 15, 2016, from the Commissioner.

12.     On May 11, 2016, the Department of Emergency Services and Public Protection certified that Sgt. Covello met the "good standing" and years of service requirements necessary for issuance of a LEOSA identification card. *See* Ex. 3, Letter dated May 11, 2016, from DESPP Human Resources.

13.     The Town of New Milford hired Sgt. Covello after May 1, 2016, as a law enforcement office in the NMPD.

14.     Sgt. Covello presented at DESPP headquarters on March 15, 2019, to schedule the LEOSA-mandated firearms qualification. *See* Ex. 4, Release & Indemnification Firearms Training executed by Sgt. Covello and notarized by Sgt. Giannone dated March 15, 2019.

15.     Sgt. Covello appeared as scheduled on April 11, 2019, at the CSP Firearms Range ("range") for LEOSA-mandated firearms qualification.

16.     Sgt. Giannone, the firearms qualification supervisor, denied Sgt. Covello entry to the range for LEOSA-mandated firearms qualification on April 11, 2019, for the express reason that Sgt. Covello had not presented a letter of good standing from the NMPD.

17.     Sgt. Giannone informed Sgt. Covello at the range on April 11, 2019, that Sgt. Covello could not qualify for a LEOSA identification card without obtaining a letter of good standing from the NMPD.

18.     Sgt. Covello disputed DESPP's position in a letter dated March 15, 2019, from counsel to Sgt. Giannone requesting confirmation that "this issue has been resolved after reference to § 926C and that the CSP will issue Sgt. Covello his LEOSA identification in the same manner as other qualified retirees who have obtained a letter of good standing."

19.     DESPP continues to hold the official position that Sgt. Covello cannot complete the LEOSA-mandated firearms qualification and is ineligible for a LEOSA identification card without presentation of a letter of good standing from the NMPD.

20.     By requiring Sgt. Covello to submit a letter of good standing from the NMPD, DESPP added an extra-statutory condition on Sgt. Covello's right to qualify for and carry a concealed firearm under LEOSA.

## II.     RIGHT TO CARRY CONCEALED FIREARM

21.     LEOSA, codified at 18 U.S.C. § 926C(a), provides:

> Notwithstanding any other provision of the law of any State or any political subdivision thereof, an individual who is a qualified retired law enforcement officer and who is carrying the identification required by subsection (d) may carry a concealed firearm that has been shipped or transported in interstate or foreign commerce, subject to subsection (b).

22.     DESPP  certified on May 11, 2016, that Sgt. Covello separated from DESPP as a law enforcement officer in good standing after twenty-two years meeting the requirement of ten years or more of aggregate service.

23.     DESPP denied Sgt. Covello his right to a LEOSA identification card when Sgt. Giannone denied Sgt. Covello access to the range on April 11, 2019, for LEOSA-mandated firearms qualification.[2]

---

[2] Title 18 U.S.C. § 926C(d) provides: "The identification required by this subsection is--
(1) a photographic identification issued by the agency from which the individual separated from service as a law enforcement officer that identifies the person as having been employed as a police officer or law enforcement officer and indicates that the individual has, not less recently than one year before the date the individual is carrying the concealed firearm, been tested or otherwise found by the agency to meet the active duty standards for qualification in firearms training as established by the agency to carry a firearm of the same type as the concealed firearm; or
(2)(A) a photographic identification issued by the agency from which the individual separated from service as a law enforcement officer that identifies the person as having been employed as a police officer or law enforcement officer; and
(B) a certification issued by the State in which the individual resides or by a certified firearms instructor that is qualified to conduct a firearms qualification test for active duty officers within that State that indicates that the individual has, not less than 1 year before the date the individual is carrying the concealed firearm, been tested or

**WHEREFORE**, based on preemptive federal statutory law governing the issuance of LEOSA identification cards, Sgt. Covello petitions this Court to enter judgment as set forth in ¶ 4, above.

PETITIONER
JEFFREY T. COVELLO

BY:        _____
Rachel M. Baird (ct12131)
Goldstein Law Partners
2234 Silas Deane Hwy, Ste. 2
Rocky Hill, CT 06067
Tel: 860-605-9340
Fax: 860-785-8733
rbaird@goldsteinlp.com

---

otherwise found by the State or a certified firearms instructor that is qualified to conduct a firearms qualification test for active duty officers within that State to have met--
(I) the active duty standards for qualification in firearms training, as established by the State, to carry a firearm of the same type as the concealed firearm; or
(II) if the State has not established such standards, standards set by any law enforcement agency within that State to carry a firearm of the same type as the concealed firearm."

5